**Minyard Cass DAVIS, Plaintiff–Appellant,**

v.

**Michael POWELL; Jimmy Stegall; Vincent Mensah; Cindy Maciejewski; Deborah M. Wyess, Defendants–Appellees.**

No. 03–2083.

United States Court of Appeals, Sixth Circuit.

March 18, 2004.

Before: ROGERS and COOK, Circuit Judges; and SCHWARZER, District

Judge.*

### ORDER

Minyard Cass Davis, a Michigan state prisoner, appeals pro se the summary judgment for defendants in a civil rights action he filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Davis filed a complaint against five employees of the Michigan Department of Corrections, alleging a denial of access to the courts and retaliation for filing a grievance. Specifically, Davis alleged that he had been ordered by a state court to submit a complaint with a partial filing fee by August 9, 2001. On August 8, Davis sent the filing fee and the complaint separately to the state court. They were received and returned separately, with instructions to file them together. On August 22, Davis alleged that one of the defendants refused to refile the complaint and fee together. Other defendants rejected the grievance Davis filed on this matter, and shortly thereafter he was transferred to another institution, allegedly in retaliation for filing the grievance.

Defendants moved for summary judgment, which a magistrate judge recommended be granted. Overruling the objections filed by Davis, the district court adopted this recommendation and entered judgment for defendants. Davis reasserts his claims on appeal.

Upon consideration, we conclude that the summary judgment for defendants must be affirmed, as Davis failed to establish the existence of elements essential to his case, on which he bore the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In order to state a claim of denial of access to the courts, Davis was required to show an actual injury to a non-frivolous legal proceeding arising from the defendants' alleged conduct. *Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). In this case, Davis waited until the day before the due date to mail his complaint and fee to the state court, and then failed to follow instructions to file the complaint with the fee. Thus, by the time of the defendant's alleged refusal to refile the complaint and fee together, the state court's deadline had long expired. Defendants' conduct therefore did nothing to prejudice access to the courts by Davis, which he had already compromised by his own malfeasance. Accordingly, Davis failed to establish the elements of a denial of access to the courts claim.

In order to state a claim of retaliation, Davis was required to show that he had engaged in protected conduct, that an adverse action had been taken that would deter a person of ordinary firmness from engaging in such conduct, and that there was a causal connection between the protected conduct and the adverse action. *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). In this case, Davis alleged that his filing of a grievance was protected conduct. However, he failed to show that any adverse action was taken, as he showed no reason to believe that his trans-

---

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

fer to another institution was adverse in any way, and he utterly failed to draw any causal connection between the two events. Nothing presented in the record or in the briefs on appeal establishes these missing elements of a claim of retaliation.

Therefore, the summary judgment for defendants is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.